**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DARLENE DOTSON,**           ) | 1:09-CV-1325  AWI GSA |
|                              ) | |
| **Plaintiff**,               ) | |
| v.                           ) | ORDER VACATING |
|                              ) | NOVEMBER 2, 2009, |
| **COUNTY OF KERN, GREG GAUSE,** ) | HEARING DATE and ORDER |
| **BILL DRAKOS, LISA GAVEN-CRUSE,** ) | ON DEFENDANTS' MOTION |
| **RICK ERICKSON, FELICIA SKAGGS,** ) | TO DISMISS |
| **and DOES 1 through 30,**   ) | |
|                              ) | |
| **Defendants.**              ) | (Doc. No. 10) |
| _____ ) | |

　　Currently set for hearing and decision on November 2, 2009, is Defendants' motion to dismiss. The Court has reviewed the moving papers and has determined that a hearing is not necessary. The Court will vacate the hearing and instead issues this order that resolves the motion.

　　This is an employment discrimination case brought by Plaintiff Darlene Dotson against her employer Defendant Kern County and fellow Kern County employees Greg Gause, Bill Drakos ("Drakos"), Lisa Gaven-Cruse, Rick Erickson, and Felicia Skaggs ("Skaggs"). Dotson alleges causes of action under 42 U.S.C. § 2000e *et seq.* ("Title VII") and California Government Code § 1200 *et seq.* (the California Fair Employment and Housing Act – "FEHA").[1] The

---

[1] Specifically, Dotson causes of action are: (1) hostile work environment; (2) racial discrimination under Title VII; (3) racial discrimination under FEHA; (4) retaliation under Title VII; (5) retaliation under FEHA; (6) gender discrimination under Title VII; (7) gender discrimination under FEHA; (8) hostile work environment under Title VII; and (9) disability discrimination under Title VII.

Defendants moved to dismiss all of the claims against the individual Kern County employees, except that Drakos and Skaggs do not move to dismiss the First cause of action against them.

On October 19, 2009, Dotson filed a notice of non-opposition. The non-opposition reads in pertinent part, "the motion should be granted as it relates to the dismissal of Defendants Greg Gause, Lisa Gaven-Cruse, and Rick Erickson only." Court Docket Doc. No. 13. However, Dotson then requests that, "County of Kern, Bill Drakos, and Felicia Skaggs [be ordered] to submit an answer forthwith." Id. In light of the notice of non-opposition, the Court will dismiss all claims against Defendants Greg Gause, Lisa Gaven-Cruse, and Rick Erickson. See id. The Court will confine its analysis to Defendants Drakos and Skaggs.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

## DEFENDANTS' MOTION

*Defendants' Argument*

Drakos and Skaggs move to dismiss the complaint against them because there are no cognizable claims alleged. All Title VII claims (the second, fourth, sixth, eighth, and ninth causes of action) fail because Title VII does not provide a plaintiff with relief as against an non-employer defendant. Similarly, Dotson may not maintain a suit for discrimination (third and seventh causes of action) or retaliation (fifth cause of action) under FEHA as such causes of action are not cognizable against non-employers.

*Plaintiff's Opposition*

Dotson's opposition is quoted above. There are no substantive arguments made against dismissal.

*Legal Standard*

"Title VII applies to an employer 'engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." Kang v. U. Lim Am., Inc., 296 F.3d 810, 815 n.4 (9th Cir. 2002) (quoting 42 U.S.C. § 2000e(b)).  However, "civil liability for employment discrimination [under Title VII] does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee." Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998); see Craig v. M&O Agencies, Inc., 496 F.3d 1047, 1058 (9th Cir. 2007); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993).  In other words, "Title VII does not provide a cause of action for damages against supervisors or fellow employees." Holly D. v. California Inst. of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003).

Similarly, California Government Code § 12940(a)[2] is "the initial and basic antidiscrimination provision of the FEHA applicable to employers" and prohibits discrimination because of *inter alia* race and sex.  Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1049 (2005).  However, "individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts." Jones v. The Lodge at Torrey Pines Partnership, 42 Cal.4th 1158, 1167 (2008); Reno v. Baird, 18 Cal.4th 640, 663 (1998).  Also, "the employer is liable for retaliation under [FEHA], but nonemployer individuals are not personally liable for their role in that retaliation." Jones, 42 Cal.4th at 1173-74.

*Discussion*

The complaint alleges that Drakos and Skaggs are employed by Kern County.  See

---

[2]FEHA at § 12940(a) reads:

It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California:
(a) For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

Complaint at ¶ 2. There is no dispute that Drakos and Skaggs are simply employees. As non-employers, Drakos and Skaggs are not liable under any of Dotson's Title VII claims. See Craig, 496 F.3d at 1058; Holly D., 339 F.3d at 1179; Pink, 157 F.3d at 1189; Miller, 991 F.2d at 587-88. Dismissal of the Second, Fourth, Sixth, Eighth, and Ninth causes of action without leave to amend is appropriate. For the same reason, Drakos and Skaggs are not liable under the FEHA retaliation and discrimination claims. See Jones, 42 Cal.4th at 1167; Reno, 18 Cal.4th at 1167, 73-74. Dismissal of the Third, Fifth, and Seventh causes of action without leave to amend is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. The November 2, 2009, hearing is VACATED;
2. Defendants' motion to dismiss all claims against Defendants Greg Gause, Rick Erickson, and Lisa Gaven-Cruse is GRANTED without leave to amend and these Defendants are DISMISSED from this lawsuit;
3. Defendants' motion to dismiss all claims (except the First cause of action) against Defendants Bill Drakos and Felicia Skaggs is GRANTED and the Second through Ninth causes of action against Drakos and Skaggs are DISMISSED without leave to amend; and
4. The remaining Defendants are to file an answer within fifteen (15) days of service of this order.

IT IS SO ORDERED.

**Dated:   October 26, 2009**              /s/ Anthony W. Ishii
                                           CHIEF UNITED STATES DISTRICT JUDGE