# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE DOTSON, | 1:09-cv-1325 AWI GSA |
| Plaintiff, | SCHEDULING ORDER (Fed. R. Civ. P. 16) |
| | Discovery Deadlines: |
| |    Initial Disclosures: December 2, 2009 |
| |    Non-Expert Discovery: |
| |       September 24, 2010 |
| |    Expert Disclosure: October 24, 2010 |
| |    Supplemental Expert Disclosure: |
| |       November 12, 2010 |
| |    Expert Discovery: November 26, 2010 |
| v. | Motion Deadlines: |
| |    Non-Dispositive: |
| |       Filing: December 3, 2010 |
| |    Dispositive: |
| |       Filing: January 28, 2011 |
| | Settlement Conference: Not Set |
| COUNTY OF KERN, GREG GAUSE, BILL DRAKOS, LISA GAVEN CRUSE, RICK ERIKSON, FELICIA SKAGGS, and DOES 1 THROUGH 30, | Pre-Trial Conference: |
| |    March 17, 2011 at 8:30 a.m. |
| |    Courtroom 2, 8th Floor |
| Defendants. | Trial:  April 26, 2011 at 8:30 a.m. |
| |       Courtroom 2, 8th Floor |
| |       Jury Trial - 10-15 days |

**I.  Date of Scheduling Conference**

November 19, 2009

1

## II. Appearances of Counsel

Daniel S. Kodam appeared telephonically on behalf of Darlene Dotson ("Plaintiff"). Mark Lloyd Nations appeared personally on behalf of County of Kern, Felicia Skaggs, and Bill Drakos ("Defendants").

## III. The Pleadings

Plaintiff asserts that the County of Kern by and through its management created a hostile work environment against her, which continues to be the subject of ongoing unlawful retaliation and has included being singled out by her co-workers and supervisors. Plaintiff has been the subject of harassment both work related and sexual in nature. Plaintiff has been fearful for her life while performing her duties. These conducts can be attributed to her sex, disability, race, and prior EEO activity and the environment condoned by the County of Kern. Plaintiff seeks an award of compensatory damages, punitive damages, interest, costs, and attorney's fees.

Defendant contends that Plaintiff is a county employee and has been since 1999. She has performed at a standard level during her time with Kern County. The County of Kern did not retaliate against her for any complaint she may have made at an earlier time regarding statements made by co-employees and has not discriminated against her on any basis. Defendants assert that they did not maintain or create a hostile work environment for Plaintiff, nor did they engage in or allowed harassment, discrimination or unlawful retaliation against Plaintiff. All the allegations raised in Plaintiff's Complaint are either unfounded or insufficient to rise to the level of discrimination, harassment, hostile work environment, or unlawful retaliation. At all relevant times, Defendants followed County of Kern policy and the same policy dictated each of Defendants' actions toward Plaintiff.

Defendants seek that judgment be entered in favor of Defendants and against Plaintiff on the Complaint and that Plaintiff take nothing by way of the Complaint. Finally, Defendants also seek that the Complaint be dismissed in its entirety with prejudice, and that Defendants be awarded the costs, expenses, and attorneys fees incurred in this action.

IV.     **Summary of Uncontested and Contested Facts.**

     A.     **Uncontested Facts**

        1.     Plaintiff, Darlene Dotson, is an employee as a Substance Abuse Specialist with County of Kern's Department of Mental Health. Currently, Mrs. Dotson is on modified duties due to an unrelated worker's compensation injury

        2.     Defendant County of Kern is a public entity, county within the State of California. Each and every one of the individual Defendants are employees with the County of Kern.

     B.     **Plaintiff's Contested Facts**

Defendants' contention that they followed County of Kern policy and investigated the matter are inaccurate. County of Kern policy does not allow for the creation of a systematic hostile work environment or discrimination. No substantive investigation has ever been completed by the County of Kern and the county has continued to allow for the systematic discrimination, harassment, and hostile work environment against Defendant. Any investigation was only a façade. No corrective action has been taken and if any has been taken, it was untimely.

     C.     **Defendants' Contested Facts**

1) Whether plaintiff was the victim of a hostile work environment.

2) Whether co-employees made any of the statements attributed to them in the complaint.

3) Whether plaintiff is disabled within the meaning of FEHA or the EEOC.

4) What actions defendant took to accommodate plaintiff's alleged disability.

5) Whether plaintiff has been denied any promotion for which she was recommended.

6) Whether defendants have retaliated against plaintiff.

7) Whether defendants have engaged in discriminatory acts based on plaintiff's race, gender or alleged disability

///

///

**V.  Summary of Contested and Uncontested Legal Issues.**

    **A.  Uncontested Legal Issues:**

        Neither party disputes that this court has jurisdiction over this matter or that venue is proper.

    **B.  Plaintiff's Contested Legal Issues**

      1.  Whether Defendants were following appropriate County of Kern policy and procedures.

      2.  Whether County of Kern policy and procedure is legal under California and Federal law.

      3.  Whether County of Kern properly investigated Plaintiff's complaints.

      4.  Whether County of Kern took appropriate corrective action when Plaintiff has raised her complaints.

      5.  Whether County of kern violated Plaintiff's rights.

      6.  Whether Defendants facilitated or created a hostile work environment due to her race, disability or gender.

      7.  Whether County of Kern discriminated against Plaintiff due to her race, disability, or gender.

      8.  Whether County of Kern retaliated against Plaintiff for filing of her complaint of discrimination and hostile work environment.

    **C.  Defendants' Contested Legal Issues**

      1.  Whether Plaintiff exhausted her administrative remedies as to all claims prior to filing suit.

      2.  Whether Plaintiff was harassed or subjected to a hostile work environment.

      3.  Whether Plaintiff was subjected to adverse employment action because of her participation in protected activity.

      4.  Whether Defendants discriminated against Plaintiff due to a protected class status.

5.    Whether Plaintiff's claims are barred by the applicable statute of limitations.

6.    Whether plaintiff can recover damages for emotional distress.

7.    The nature and extent of Plaintiff's injuries and damages.

**VI.  Consent to the Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.

**VII.  Discovery Plan and Cut-Off Date**

The parties shall exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by **December 2, 2009**. The parties are ordered to complete all discovery pertaining to non-experts on or before **September 24, 2010.** The parties are directed to disclose all expert witnesses, in writing, on or before **October 24, 2010.** The parties also shall disclose all supplemental experts on or before **November 12, 2010.** The written designation of experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The parties are directed to complete all expert discovery on or before **November 26, 2010.** The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

**VIII.  Pre-Trial Motion Schedule**

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than **December 3, 2010.** In scheduling such motions, the parties shall comply with Local Rules 78-230 and 56-260.  Counsel must comply with Local Rule 37-251 with respect to

discovery disputes or the motion will be denied without prejudice and dropped from calendar.

In scheduling such motions, the Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than **January 28, 2011**, and heard in Courtroom 2 before the Honorable Anthony W. Ishii, Chief United States District Court Judge. In scheduling such motions, the parties shall comply with Local Rules 78-230 and 56-260.

### IX.  Pre-Trial Conference Date

The pre-trial conference will be held on **March 17, 2011**, **at 8:30 a.m.** in Courtroom 2 before the Honorable Anthony W. Ishii.

The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2). The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge Ishii's chambers by emailing it to awiorders@caed.uscourts.gov.

The parties' attention is directed to Rules 16-281 and 16-282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

///

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

1  **X.      Trial Date**

2       The trial will be held on **April 26, 2011**, **at 8:30 a.m.** in Courtroom 2 before the

3  Honorable Anthony W. Ishii, Chief United States District Court Judge.

4            A.      The parties have requested a jury trial.

5            B.      Parties' Estimate of Trial Time: 10-15 days.

6            C.      Parties' attention is directed to Local Rules of Practice for the Eastern

7                    District of California, Rule 16-285, for preparation of trial briefs.

8  **XI.     Settlement Conference**

9       A Settlement Conference has not been scheduled.  The parties are advised to contact the

10 court if they determine that a settlement conference would be beneficial.  In the event that a

11 settlement conference is held, the attorneys who will try the case shall appear at the Settlement

12 Conference with the parties and the person or persons having full authority to negotiate and settle

13 the case on any terms[2] at the conference.

14           CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

15      At least five (5) court days prior to the Settlement Conference the parties shall submit,

16 directly to the Magistrate Judge's chambers by email to gsaorders@caed.uscourts.gov, a

17 Confidential Settlement Conference Statement.  The statement should not be filed with the Clerk

18 of the Court nor served on any other party, although the parties may file a Notice of Lodging of

19 Settlement Conference Statement.  Each statement shall be clearly marked "confidential" with

20 the date and time of the Settlement Conference indicated prominently thereon.  The parties are

21 urged to request the return of their statements if settlement is not achieved and if such a request is

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

not made the Court will dispose of the statement.

The Confidential Settlement Conference Statement shall include the following:

    A.  A brief statement of the facts of the case.

    B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    C.  A summary of the proceedings to date.

    D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    E.  The relief sought.

    F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

Should the parties desire an additional settlement conference, they will jointly request one of the court, and one will be arranged. In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**XII.  Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Bifurcation is requested for punitive damages.

**XIII.  Related Matters Pending**

There is no related litigation.

**XIV.  Compliance with Federal Procedure**

The parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow

the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### XV.     Effect of this Order

The foregoing order represents the best estimate of the Court and the parties as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions, including but not limited to, dismissal of this action.

**IT IS SO ORDERED.**

Dated:    **November 19, 2009**                    **/s/ Gary S. Austin**
                                                                **UNITED STATES MAGISTRATE JUDGE**