IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE DOTSON,            ) | 1:09-CV-1325  AWI GSA |
|                            ) | |
|     **Plaintiff**,         ) | |
|     v.                     ) | **ORDER ON DEFENDANTS'** |
|                            ) | **MOTION FOR PARTIAL** |
| COUNTY OF KERN, GREG GAUSE,) | **SUMMARY JUDGMENT** |
| BILL DRAKOS, LISA GAVEN-CRUSE,) | |
| RICK ERICKSON, FELICIA SKAGGS,) | |
| and DOES 1 through 30,     ) | (Doc. No. 20) |
|                            ) | |
|     **Defendants.**        ) | |
| _____) | |

This is an employment discrimination case brought by Plaintiff Darlene Dotson ("Dotson") against her employer Defendant Kern County ("the County") and fellow County employees Bill Drakos ("Drakos") and Felicia Skaggs ("Skaggs").[1] Dotson alleges causes of action under 42 U.S.C. § 2000e *et seq.* ("Title VII") and California Government Code § 1200 *et seq.* (the California Fair Employment and Housing Act – "FEHA").[2] Drakos and Skaggs move for summary judgment on the only claim alleged against them, Dotson's first cause of action (hostile environment under FEHA). The County moves for summary judgment on Dotson's FEHA and Title VII claims based on race and gender/sexual discrimination (the second, third,

---

[1] On October 27, 2009, the Court dismissed all claims against County employees Greg Gause, Rick Erickson, and Lisa Gaven-Cruse. See Court's Docket Doc. No. 15.

[2] Specifically, Dotson causes of action are: (1) hostile work environment; (2) racial discrimination under Title VII; (3) racial discrimination under FEHA; (4) retaliation under Title VII; (5) retaliation under FEHA; (6) gender discrimination under Title VII; (7) gender discrimination under FEHA; (8) hostile work environment under Title VII; and (9) disability discrimination under Title VII.

sixth, and seventh causes of action).  For the reasons that follow, Defendants' motions will be granted in part and denied in part.

## FACTUAL BACKGROUND

Charges of discrimination 480-2008-00105 and 480-2008-02201 are the only Equal Employment Opportunity Commission ("EEOC") Charges of Discrimination filed by Dotson pertaining to her employment with the County.  DUMF No. 1.[3]  Neither of these Charges name or identify in any way either Drakos or Skaggs.  See DUMF No. 2.  Neither of these Charges make any factual allegation of gender discrimination or race discrimination.  See DUMF No. 3; Defendants' Exs. A, B.

Charge 480-2008-00105 ("the October 2007 Charge") was filed with the EEOC on October 23, 2007.  DUMF No. 4.  Under the "Discrimination Based On" section of the October 2007 Charge, only the box for "retaliation" is marked.  See Defendants' Ex. A.  Under the "Particulars" section of the October 2007 Charge, it reads: "(I) In or around August 2006, I filed an internal complaint alleging racial and sexual harassment.  In or around June 2007, I received a less than favorable performance evaluation.  I have been an employee of the county since November 1999.  (II) No reason was given for the less than favorable performance evaluation.  (III) I believe I have been discriminated against in retaliation for having participated in a protected activity in violation of Title VII . . . ."  Id.

The Intake Questionnaire associated with the October 2007 Charge was received by the EEOC in September 2007 ("the 2007 Intake Questionnaire").  See Plaintiff's Ex. B.  Under the section asking "What is the reason (basis) for your claim of employment discrimination?", Dotson checked the boxes for "race," "color," and "retaliation."  Id.  Under the first section (subparagraph A) to explain what happened,[4] Dotson wrote: "Date: June 2007; Action: Retaliatory EPR – See Attached; Name and Title of Person(s) Responsible: Rick Erickson

---

[3] "DUMF" refers to "Defendants' Undisputed Material Fact," and "PRDUMF" refers to "Plaintiff's Response to Defendants' Undisputed Material Fact."

[4] This section requests that the complainant include "the date(s) of harm, action(s), and including the name(s) and title(s) of the persons who you believe discriminated against you."  Plaintiff's Ex. B.

(supervisor), Lisa Gaven-Cruise (administrator), and "Diane [indecipherable] (director)." Under the second section (subparagraph B) to explain what happened, Dotson did not identify a date or identify the name and title of those responsible. In describing the "action," Dotson wrote: "[work/done][5] way after the fact & the ind. continued to work in the area and service clients, . . . one one [sic] incident that led to all this." Id.

On October 30, 2007, the California Department of Fair Employment and Housing ("DFEH") advised Dotson that they would not be investigating Dotson's claims, but were instead deferring to the EEOC. See Complaint Ex. C. The DFEH advised Dotson that the EEOC would be the agency responsible for processing her complaint and that she should contact the EEOC about any questions. See id. The DFEH stated that the notice constituted a right to sue letter, and that, "DFEH is closing its case on the basis of 'processing waived to another agency.'" Id.

Charge 480-2008-02201 ("the April 2008 Charge") was filed with the EEOC on April 7, 2008. DUMF No. 5. Under the "Discrimination Based On" section of the April 2008 Charge, only the boxes for "retaliation" and "disability" are marked. See Defendants' Ex. B. Under the "Particulars" section of the April 2008 Charge, it reads: "(I) On October 23, 2007, I filed a charge of discrimination with the EEOC [the October 2007 Charge] wherein I alleged differential treatment in retaliation for have [sic] participated in a protected activity. From on or about November 9, 2007, and continuing until the present, I have been harassed, transferred, repeatedly questioned about my certification, denied accommodation for my disabilities, denied Continuing Education Units, and denied a promotion to SASII. (II) No reason has been given for this treatment. (III) I believe I have been discriminated against in retaliation for having participated in a protected activity and my disabilities in violation of Title VII . . . and Title I of the Americans with Disabilities Act." Id.

The Intake Questionnaire associated with the April 2008 Charge was received by the EEOC in either February or March 2008 ("the 2008 Intake Questionnaire").[6] See Plaintiff's Ex.

---

[5] This word is not clearly written; "work" or "done" is the Court's best interpretation. See Plaintiff's Ex. B.

[6] There is no "received stamp" on this Intake Questionnaire, but the Questionnaire was signed on February 15, 2008, and the April 2008 Charge was signed on March 30, 2008.

C.  Under the section asking "What is the reason (basis) for your claim of employment discrimination?", Dotson checked the boxes for "disability" and "retaliation." Id.  Under the first section (subparagraph A) to explain what happened,[7] Dotson wrote: "Date: Starting 11/9/07 Til Present; Action: Retaliation/Harassment 1) transferred 2) repeatedly questioned about certification 3) denied accomodations [sic] disability 4) denied CEU/training 5) cont. denied promotion to SAS II; Name and Title of Person(s) Responsible: Donald Terleski, Diane [indecipherable], Bill Drakos, Felicia Skaggs/Justice, Jim Waterman."  Under the second section (subparagraph B) to explain what happened, Dotson identified the same date (November 9, 2007, to present), but did not identify any names or titles of persons responsible.  In describing the "action," Dotson wrote:  "Attached proof of ongoing retaliation harassment of me before and after submitting a claim to EEOC . . . on 10/23/07, I was transferred and wouldn't be accommodated [sic] with doctors orders that were accommendated [sic] prior.  At my work place requesting yearly certification that wasn't due.  Working me out of class." Id.

The EEOC issued right to sue letters on April 30, 2009.  See Complaint Exs. A, B.

Included in the records of the EEOC's investigation of Dotson's Charges is a copy of Dotson's September 1, 2006, internal grievance against Greg Gause ("Gause") for racial and sexual harassment.  See PRDUMF No.3; Plaintiff's Ex. D.  The September 1, 2006, grievance indicates that Gause racially and sexually harassed Dotson from December 2005 to July 2006, and lists many particular incidents and time frames.  See Plaintiff's Ex. D.

**SUMMARY JUDGMENT FRAMEWORK**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004).  The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of

---

[7] This section requests that the complainant include "the date(s) of harm, action(s), and including the name(s) and title(s) of the persons who you believe discriminated against you." Plaintiff's Ex. B.

4

identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the suit under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Assn, 322 F.3d 1039, 1046 (9th Cir. 2002). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Anderson, 477 U.S. at 248; Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. Soremekun, 509 F.3d at 984. Where the non-moving party will have the burden of proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential element of the non-moving party's claim or by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. See James River Ins. Co. v. Schenk, P.C., 519 F.3d 917, 925 (9th Cir. 2008); Soremekun, 509 F.3d at 984; Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105-06 (9th Cir. 2000). If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion." Nissan Fire & Marine Ins. Co. v. Fritz Companies, 210 F.3d 1099, 1102-03 (9th Cir. 2000). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Nissan Fire & Marine, 210 F.3d at 1103. The opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" Estate of Tucker v. Interscope Records, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing

party.  See Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587; Stegall v. Citadel Broad, Inc., 350 F.3d 1061, 1065 (9th Cir. 2003).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Sanders v. City of Fresno, 551 F.Supp.2d 1149, 1163 (E.D. Cal. 2008); UMG Recordings, Inc. v. Sinnott, 300 F.Supp.2d 993, 997 (E.D. Cal. 2004).  "A genuine issue of material fact does not spring into being simply because a litigant claims that one exists or promises to produce admissible evidence at trial." Del Carmen Guadalupe v. Agosto, 299 F.3d 15, 23 (1st Cir. 2002); see Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007); Bryant v. Adventist Health System/West, 289 F.3d 1162, 1167 (9th Cir. 2002).  Further, a "motion for summary judgment may not be defeated . . . by evidence that is 'merely colorable' or 'is not significantly probative.'" Anderson, 477 U.S. at 249-50; Hardage v. CBS Broad. Inc., 427 F.3d 1177, 1183 (9th Cir. 2006).  Additionally, the court has the discretion in appropriate circumstances to consider materials that are not properly brought to its attention, but the court is not required to examine the entire file for evidence establishing a genuine issue of material fact where the evidence is not set forth in the opposing papers with adequate references.  See Southern Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).  If the nonmoving party fails to produce evidence sufficient to create a genuine issue of material fact, the moving party is entitled to summary judgment.  See Nissan Fire & Marine, 210 F.3d at 1103.

## DEFENDANTS' MOTION

**1.   Second, Third, Sixth & Seventh Causes of Action – FEHA & Title VII Race and Gender/Sexual Discrimination**

*Defendant's Argument*

The County argues that the only mention of race is in the October 2007 Charge.  In that charge, Dotson stated that she filed a grievance with the County around August 2006 that alleged racial and sexual harassment by Gause.  However, there is no dispute that Dotson failed to file a Charge concerning racial harassment within 300 days of the harassment.  The grievance that was filed with the County indicated that the last instance of harassment occurred in July 2006.  By the

6

time of the October 2007 Charge, 15 months had passed from the date of any racial or sexual harassment by Gause. Any claims based on Gause's conduct is barred by the statute of limitations. Also, the October 2007 Charge complains of retaliation. The basis described in the October 2007 Charge is retaliation in the form of unfavorable evaluations. There is nothing to suggest that the allegations in the charge would lead to an investigation into racial harassment because harassment and retaliation are not reasonably similar. Similarly, the Charges do not allege gender discrimination or articulate facts which one could infer a claim of gender discrimination.

*Plaintiff's Opposition*

Dotson argues that she filed an internal grievance in 2006 against Gause for racial and sexual harassment. The grievance included attached documents that detailed the harassment. The claims of racial and sexual harassment in the grievance were part of the EEOC's actual investigation because the EEOC produced the grievance in response to a subpoena. The EEOC's actual investigation is deemed to be within the scope of the administrative charge. Further, Dotson states that she referred to the racial and sexual harassment as the "one incident that lead [sic] to all this," and checked boxes for "race" and "color" harassment on the 2007 intake questionnaire. The intake questionnaire may be reviewed to determine the scope of an EEOC charge.

*Legal Standard*

Title VII

"Before beginning a Title VII suit, a plaintiff must first file a timely EEOC charge." Lewis v. City of Chicago, 130 S.Ct. 2191, 2196-97 (2010); see Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). That is, "a person seeking relief under Title VII must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice, or, if . . . the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice." Surrell v. Cal. Water Serv., 518 F.3d 1097, 1104 (9th Cir. 2008) (citing 42 U.S.C. § 2000e-5(e)(1)). The 180/300 day time period acts as a statute of limitations. Draper v. Coeur Rochester, 147 F.3d 1104, 1107 (9th Cir. 1998).

As such, "if an employee does not submit a timely EEOC charge, the employee may not challenge that practice in court . . . ." Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 624 (2007); see Dosier v. Miami Valley Broadcasting Corp., 656 F.2d 1295, 1299 (9th Cir. 1981). However, "like a statute of limitations, [this time period] is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc. 455 U.S. 385, 393 (1982); Surrell, 518 F.3d at 1104.

FEHA

"The timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under the FEHA." Romano v. Rockwell Internat., Inc., 14 Cal.4th 479, 492 (1996); Thompson v. City of Monrovia, 186 Cal.App.4th 860, 879 (2010); Williams v. City of Belvedere, 72 Cal.App.4th 84, 90 (1999). With some limited exceptions, "no complaint for any violation of [FEHA's] provisions may be filed with the [DFEH] 'after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred . . . .'" Romano, 14 Cal.4th at 492 (quoting Cal. Gov. Code § 12960(d)); Thompson, 186 Cal.App.4th at 879; Williams, 72 Cal.App.4th at 90. Unless an exception applies, a plaintiff who does not meet the one year limitations provision of § 12960(d) may not prevail. See Thompson, 186 Cal.App.4th at 879; Williams, 72 Cal.App.4th at 90.

*Discussion*

It is unnecessary to determine whether the EEOC's actual investigation encompassed Dotson's race and gender harassment claims, or whether the 2007 Intake Questionnaire sufficiently described Dotson's gender and race harassment claims. This is because Dotson does not address Defendants' limitations period arguments or explain how her race and gender claims are timely.

Dotson's opposition indicates that her race and gender harassment claims are based on the conduct of Gause, and that her September 1, 2006, grievance explained in detail Gause's inappropriate conduct. See Opposition at 2:25-3:9. However, the September 1, 2006, grievance states that Gause made inappropriate comments "starting December 2005 and continuing through July 2006." See Plaintiff's Ex. D. The Court will assume that July 31, 2006, was the last date

that Gause made inappropriate racial and/or sexual comments to Dotson. Under this assumption, Dotson had until July 31, 2007, in which to file an administrative charge with the DFEH for a FEHA violation, and had until May 28, 2007, in which to file an administrative charge with the EEOC for a Title VII violation. See 42 U.S.C. § 2000e-5(e); Cal. Gov. Code § 12960(d). The October 2007 Charge was not filed until October 23, 2007. See DUMF No. 4. Obviously, October 23, 2007, exceeds both the May 28, 2007, and July 31, 2007, deadlines. Further, even if the Court were to consider the 2007 Intake Questionnaire to be the formal administrative complaint/charge, the 2007 Intake Questionnaire was not received by the EEOC until September 2007. See Plaintiff's Ex. B. Again, September 2007, is beyond the May 28, 2007, and July 31, 2007, deadlines.

Dotson does not address in any manner the timeliness of the October 2007 Charge in relation to her race and gender claims. Because the evidence shows that between 14 and 15 months elapsed from the last identified instance of racial and/or gender based discrimination and the time that Dotson contacted the EEOC, Dotson's race and gender discrimination claims were not timely presented to the EEOC; she may not pursue these claims in court. See Ledbetter, 550 U.S. at 624; Dosier, 656 F.2d at 1299; Romano, 14 Cal.4th at 492; Thompson, 186 Cal.App.4th at 879; Williams, 72 Cal.App.4th at 90. Summary judgment in favor of the County on these claims is appropriate.

**2.    First Cause of Action – FEHA Hostile Environment (Race, Gender, & Disability)**

*Defendants' Argument*

Drakos and Skaggs argue that, to bring a FEHA claim against individuals, a plaintiff must exhaust administrative remedies as to those individuals, meaning that the individuals must be named somewhere in the charge. However, Dotson did not name either Drakos or Skaggs in the October 2007 Charge or the April 2008 Charge. Because Dotson did not name them in the Charges, Drakos and Skaggs argue that Dotson has failed to exhaust administrative remedies and summary judgment is appropriate.

9

*Plaintiff's Opposition*

Dotson argues that the intake questionnaire can be reviewed to determine the scope of the EEOC charge. In the 2008 intake questionnaire, Dotson identified Drakos and Skaggs as persons responsible for the discriminatory conduct. Drakos and Skaggs were sufficiently named.

*Discussion*

It appears that the issues associated with the first cause of action are more complex than the parties' respective arguments make it appear. The Court finds two facts to be highly significant. First, Drakos and Skaggs are identified in the 2008 Intake Questionnaire. See Plaintiff's Ex. C. Second, on October 30, 2007, the DFEH stated that the EEOC would be responsible for Dotson's claims, and that the DFEH was closing its file on the basis of "processing waived to another agency." See Complaint Ex. C.

In *Salgado*, the Ninth Circuit dealt with a very similar DFEH letter that included the language "processing waived to another agency." Salgado v. Atlantic Richfield Co., 823 F.2d 1322, 1326 (9th Cir. 1987). The Ninth Circuit explained, "The state agency deferred the investigation and processing of Salgado's claims to the EEOC. *The administrative proceedings of the EEOC replaced those of the state agency.*" Id. at 1326 (emphasis added). If the EEOC proceedings replaced the DFEH proceedings, then whether administrative remedies have been adequately exhausted as to Drakos and Skaggs would seem to depend upon the adequacy of the EEOC proceedings. The Ninth Circuit has held that a Title VII suit "may be brought against persons not named in the EEOC charge as long as they were involved in the acts giving rise to the EEOC claims." EEOC v. National Educ. Ass'n, 422 F.3d 840, 847 (9th Cir. 2005); Sosa v. Hiraoka, 920 F.2d 1451, 1458 (9th Cir. 1990); Wrighten v. Metro. Hosp., Inc., 726 F.2d 1346, 1352 (9th Cir. 1984). However, the parties have not cited or discussed what effect, if any, *Salgado* or cases like *Sosa* have on this case.

Also, the Supreme Court has recently held that for a filing to be deemed a charge, it must contain the information required by regulations and "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Federal Express Corp. v. Holowecki, 552 U.S. 389,

1 | 402 (2008).  The Intake Questionnaire identifies Drakos and Skaggs as persons who
2 | discriminated against Dotson.  However, no party has cited or discussed what effect, if any,
3 | *Holowecki* has on this case.
4 |       Because the parties have not cited or discussed *Salgado*, *Sosa*, or *Holowecki*, the Court is
5 | not convinced that the law has been sufficiently identified and applied by the parties with the
6 | respect to exhaustion of administrative remedies for Dotson's claim against Drakos and Skaggs.
7 | As such, the Court will deny summary judgment at this time.  However, the Scheduling Order in
8 | this case set a deadline of January 28, 2011, for the filing dispositive motions.  In light of the
9 | Court's concerns, and in light of the fact that the deadline for filing dispositive motions has not
10 | passed, the Court believes that a second motion for summary judgment on Dotson's first cause of
11 | action may be appropriate.  See Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010).  If
12 | Drakos and Skaggs wish to do so, the Court will allow a second summary judgment.

## CONCLUSION

The County moves for summary judgment on the second, third, sixth, and seventh causes of action – race and gender discrimination in violation of FEHA and Title VII.  Dotson's opposition makes clear that she is relying on conduct by Gause, and the uncontroverted evidence establishes that the last instance of race and/or gender discrimination occurred in July 2006.  Dotson had until May 2007 to file a Title VII administrative charge, and had until July 2007 to file a FEHA administrative complaint.  However, Dotson's charge with the EEOC was not filed until October 23, 2007, which is beyond the limitations period.  Further, even if the Court were to consider the 2007 Intake Questionnaire, that was not received by the EEOC until September 30, 2007, which is beyond the limitations period.  Summary judgment in favor of the County is appropriate because Dotson's claims for race and gender discrimination were not timely filed.

Drakos and Skaggs move for summary judgment on the only claim against them, Dotson's first cause of action.  However, the Court is not convinced that the parties have sufficiently established and applied the controlling law.  As such, the Court will deny summary judgment, but will allow Defendants to file a second summary judgment motion on Dotson's first cause of action.

Accordingly, IT IS HEREBY ORDERED that:

1. The County's motion for summary judgment as to the second, third, sixth, and seventh causes of action is GRANTED;
2. Drakos's and Skaggs's motion for summary judgment as to the first cause of action is DENIED; and
3. Anytime between the service of this order and January 28, 2011, if they choose to do so, Defendants Drakos and Skaggs may file a second motion for summary judgment, as discussed in this order.

IT IS SO ORDERED.

Dated:   November 16, 2010

CHIEF UNITED STATES DISTRICT JUDGE